**BAZELON LESS FELDMAN** PC

December 4, 2015

**VIA ELECTRONIC COURT FILING**

Hon. Katherine B. Forrest
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> Re: *Ballinger v. Lexington and AXIS*
>     No. 1:13-cv-00335-KBF
>     U.S.D.C. S.D.N.Y.

Dear Judge Forrest:

We write to provide the report called for in the Court's Order of November 17, 2015.

The Nature of the Case and Defenses – This is an insurance coverage dispute. Plaintiff The Ballinger Company ("Ballinger") is a Philadelphia-based architecture and engineering firm. For the policy period ending at 12:01 a.m. on February 1, 2012, its professional liability protection was provided on a claims-made basis by Lexington Insurance Company ("Lexington"). As of 12:01 a.m. on February 1, 2012, AXIS Insurance Company ("AXIS") provided Ballinger's professional liability coverage, also on a claims made basis.

In 2008, Ballinger was retained by the University of Pittsburgh (the "University") to design a new building for the University's School of Pharmacy known as the Salk Hall Addition (the "Project"). Although the start of the Project was delayed for several years due to the state of the national economy, construction began in January 2011. As of January 31, 2012, senior executives at Ballinger were aware that the Project had been delayed (although delays are made up on certain projects) and that the contractor constructing the Project allegedly had made statements that, in the experience and judgment of Ballinger's senior executives, suggested that the contractor might assert a claim against Pitt at some point in the future. If the contractor did assert a claim against the University, it was possible that the University, in turn, could assert that claim or a variant of it against Ballinger.[1]

---

[1] The University has asserted such a claim. The amount the University seeks, at this time, is more than $8 million. That claim and related issues, as well as the coverage disputes addressed in this case, are the subject of a mediation that all are in the midst of as of this writing; the mediation is discussed in greater detail in the section of this letter reporting on Settlement Discussions.

Hon. Katherine B. Forrest
United States District Court for the
   Southern District of New York
December 4, 2015
Page 2 of 4

      On January 31, 2012, Ballinger, acting through and with the advice of its insurance agent, advised Lexington that there was a potential claim developing at the University.[2] Lexington responded on March 5, 2012, advising Ballinger that Ballinger had not provided the requisite specifics about the claim called for in the Lexington policy and, therefore, Lexington would not provide coverage for this potential claim.[3] On March 27, 2012, recognizing the position taken by Lexington in its letter of March 5, Ballinger, again acting on the advice of its insurance agent, made a similar submission to AXIS. AXIS answered by contending that the claim was made before the inception of its policy and that Ballinger had in fact reported the possibility of the claim to a predecessor carrier; AXIS declined to provide coverage for this potential claim on April 10, 2012.

      The University, by letter transmitted to Ballinger on October 31, 2012, presented a claim against Ballinger. On December 6, 2012, the contractor constructing the Project first asserted a claim against the University for delays it asserted were caused by Ballinger; the contractor's claim was forwarded by the University to Ballinger. Ballinger forwarded these claims to AXIS and then to Lexington; each in turn declined to provide coverage.

      Ballinger commenced this action in January, 2013 seeking the coverage to which it believes it is entitled. The carriers have asserted defenses which they contend permit them to deny coverage based on provisions of their policies: Lexington has asserted that the January submission was inadequate and the claim made in October was after its policy had lapsed; AXIS has asserted that the claim was previously submitted by Ballinger to Lexington when Ballinger sent a report of a potential claim to Lexington in January, 2012.

      At hearings held on March 21 and May 6, 2013, the Hon. Miriam G. Cedarbaum directed that, to paraphrase the Court, the first question that the parties were to address was: "when did the claim arise?" That question has framed much of what has occurred to date.

<u>Deadlines and Due Dates</u> – There are none.

<u>Motions</u> – There are no motions pending nor is there any matter on appeal. On February 25, 2013, Lexington filed a motion seeking dismissal of the Complaint to compel arbitration in Boston or a transfer of the case to the District of Massachusetts to enable that

---

[2] Lexington would phrase this sentence to read that "Ballinger purportedly advised Lexington. . ."

[3] Lexington asserts that it issued the March 5, 2012 letter after it had made further investigation. As discussed in the section on <u>Discovery</u>, no discovery has been allowed on this issue to date.

Hon. Katherine B. Forrest
United States District Court for the
   Southern District of New York
December 4, 2015
Page 3 of 4

Court to stay the case in favor of arbitration.[4]  The Court, on May 6, 2013, denied the motion, stating: "I deny the motion to dismiss as premature, to dismiss or transfer . . ."[5]

Discovery – In accordance with the Court's directive that the parties were to focus their attention on the question: "when did the claim arise," in the autumn of 2013 Ballinger produced relevant documents; Ballinger's Principal in charge of the Project was deposed with the questioning limited to the "when did the claim arise" issue.  In 2014, Ballinger promulgated discovery which the carriers opposed on the grounds that it was beyond the limited question that the Court had asked the parties to address.  After a conference with the Court to resolve the breadth of discovery issue, the parties decided that they would avail themselves of alternate methods of resolving the dispute.

Settlement Discussions – In early 2015, it became clear that the most potentially fruitful avenue for resolving this dispute was to settle the dispute with the University at the same time.  With construction of the Project nearing completion, an omnibus mediation was arranged.  Peter H. Woodin, Esq. of JAMS was selected to mediate the dispute.  The University, Ballinger, Lexington and AXIS agreed to participate as did Roehrs & Company, Inc., the insurance agency that had advised Ballinger in 2012, and Geotech, Inc., a now defunct but insured geotechnical engineering firm that, as a consultant to Ballinger, was responsible for the problems that caused the delay.  The parties agreed to a schedule that included the development and exchange of expert reports on construction issues during the summer of 2015 and briefing by all parties in September, 2015.  All six parties met with Mr. Woodin for two full days in New York on October 6th and 7th.  The mediation is continuing as the parties are refining issues that arose during the sessions in New York and deliberating various structures for a settlement.  With the holidays impending, the parties respectfully request that the parties be given until January 31, 2016 to see if the mediation can bear fruit.

     We look forward to meeting with Your Honor on January 4, 2016 and answering then any further questions that arise.  Your Honor's courtesy and cooperation are most appreciated.

Respectfully submitted,

Noah H. Charlson

NHC/ayj

---

[4] Lexington, in its Motion, argued that the arbitration provision in its policy was mandatory.  Ballinger and AXIS argued that the clause did not require or permit arbitration of this dispute.

[5] Lexington contends that the Court's dismissal of its Motion was made with leave for Lexington to renew the Motion.  The hearing of May 26, 2013 was transcribed.

Hon. Katherine B. Forrest
United States District Court for the
   Southern District of New York
December 4, 2015
Page 4 of 4

cc:  Dan Kohane, Esquire (via email)
     J. Gregory Lahr, Esquire (via email)
     Peter F. Marvin, Esquire (via email)