```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
THE UNIVERSITY OF PITTSBURGH,                                      :
                                                                   :
                              Plaintiff,                           :
                                                                   :
              -v-                                                  :    13-cv-335 (KBF)
                                                                   :
LEXINGTON INSURANCE COMPANY; and                                   :    MEMORANDUM
AXIS INSURANCE COMPANY,                                            :    OPINION & ORDER
                                                                   :
                              Defendants.                          :
                                                                   :
------------------------------------------------------------------ X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 16, 2016
```

KATHERINE B. FORREST, District Judge:

This is a coverage dispute between the University of Pittsburgh ("Pitt") as plaintiff and two insurance companies, Lexington Insurance Company ("Lexington") and Axis Insurance Company ("Axis"). Before the Court is Lexington's motion for summary judgment seeking dismissal of Pitt's complaint (ECF No. 1) and of Axis's cross-claim (ECF No. 3). (ECF No. 99.) The Court invited this motion in its July 21, 2016, opinion and order dismissing both Pitt's motion for partial summary judgment and Lexington's motion to stay the proceedings before this Court pending appeal. (ECF No. 96 at 8.)

Lexington argues that Pitt cannot recover because the insured, The Ballinger Company ("Ballinger"),[1] did not provide sufficient notice of its claim before its contract with Lexington terminated. The Court agrees. For the reasons set forth

---
[1] Pitt was granted permission to substitute as plaintiff in the Court's memorandum decision and order of April 21, 2016. (ECF No. 58.)

below, Lexington's motion for summary judgment against both Pitt and Axis is GRANTED.

I. FACTUAL BACKGROUND

The facts underlying this dispute are discussed in the Court's July 21, 2016, opinion and will not be repeated here. (See ECF No. 96.) In short, Ballinger held a claims-made insurance policy with Lexington covering the period from February 1, 2011, to February 1, 2012. Id. at 2. Ballinger switched insurance companies to Axis following the February 1, 2012, termination date of its contract with Lexington. On the last day of the coverage period on its Lexington policy, Ballinger filed a notice of claim with Lexington that this Court determined was "plainly deficient on its face" under the unambiguous terms of the Lexington policy. (ECF No. 96 at 7.)

II. LEGAL PRINCIPLES

A. Summary Judgment Standard

Summary judgment may not be granted unless a movant shows, based on admissible evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On summary judgment, the Court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010). The Court's function on summary judgment is to determine whether there exist any

genuine issues of material fact to be tried, not to resolve any factual disputes. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

      B.    Claims-Made Insurance Policies

"The nature of a claims-made policy is that it protects the insured for claims made against it and reported to the insurer within the policy period or, if applicable, the extended reporting period." Checkrite Ltd. v. Ill. Nat. Ins. Co., 95 F. Supp. 2d 180, 191 (S.D.N.Y. 2000). "This is in contrast to an 'occurrence' policy, which protects the insured from liability for acts committed during the policy period regardless of when claims arise based on those acts." Id.

Under Pennsylvania law, "[f]ailure to comply with the reporting provision of a 'claims made' policy precludes coverage. Although a harsh consequence, 'claims made' policies, and their reporting provisions, are enforceable." Pizzini v. Am. Int'l Specialty Lines Ins. Co., 210 F. Supp. 2d 658, 668 (E.D. Pa. 2002).

III.    DISCUSSION

      A.    Compliance With The Notice Requirements

As the Court concluded in denying Pitt's motion for partial summary judgment, the notice provided by Ballinger to Lexington of its concerns about the project's "problems and delays" and of "trouble brewing at Pittsburgh" was plainly insufficient to meet the conditions precedent to coverage. (ECF No. 96 at 6-7.) The notice to Lexington did not, as required, provide any indication of the actual or alleged breach of any professional duty; provide a description of the professional services rendered which may result in a claim; or provide a description of the injury

3

or damage that has or may result in a claim.  The notice "does not identify an alleged act, error, or omission by [Ballinger], or any professional services [Ballinger] provided to a potential claimant for a fee."  Sys. & Computer Tech. Corp. v. Columbia Cas. Co., Civil Action No. 06-1663, 2007 WL 1221177, at *9 (E.D. Pa. April 25, 2007).  As the Court concluded previously, the Lexington policy requires that the insured provide more than a simple statement conveying that there is "trouble brewing at Pittsburgh."  (ECF No. 96 at 7.)  This Court held that this requirement "is enforceable and will be enforced."  Id.

Pitt argues that Ballinger's failure to comply with the specific requirements of the contract's notice provisions should be excused because Ballinger's compliance was "substantial."  (ECF No. 104 at 18-19.)  That is simply wrong.  Reference to the notice itself demonstrates its deficiencies.  If Pitt's argument were to be credited, any purchaser of a claims-made policy could effectively transform it into a broader (and typically more expensive) occurrence policy by asserting nebulous "claims," with specificity to be filled in only later, on the last day of the policy.  The policy as written does not allow for this.

Pitt cites a number of cases that do not help its position.[2]  The single Pennsylvania case Pitt cites for its proposition does not involve notice provisions in claims-made insurance, which Pennsylvania law specifically distinguishes from the types of occurrence insurance at issue in that case.  Compare, e.g., Perry v. Middle

---

[2] The cases Pitt cites from jurisdictions other than Pennsylvania are unpersuasive and, in fact, emphasize how little information Ballinger included in its notice to Lexington compared to similarly situated plaintiffs.

4

Atl. Lumbermens Ass'n, 542 A.2d 81, 89 (Pa. Super. Ct. 1988) (requiring only "substantial compliance with . . . proof of loss provisions" in a medical occurrence insurance case), with Pizzini, 210 F. Supp. 2d at 668 ("Failure to comply with the reporting provision of a 'claims made' policy precludes coverage."). Pitt's argument that Ballinger's claims-made policy should be treated as if it were an occurrence policy is therefore unavailing.

Pitt also argues that "Ballinger should not be penalized for submitting a notice of a potential claim on the last day of Lexington's policy period[.]" (ECF No. 104 at 8.) That is not the rationale for the result. The timing of the notice—last day or not—is not the heart of the problem. The heart of the problem is its plain deficiency.

### B. Pitt's Alleged "Catch-22"

Pitt argues that precluding recovery under the Lexington policy would create a "Catch-22" of no coverage under either policy, because under the Lexington policy Ballinger did not have enough knowledge of potential claims, while under the Axis policy (Pitt speculates) Ballinger might have had too much knowledge of potential claims. (ECF No. 104 at 1-2.) Yossarian would be unimpressed. The question of whether Pitt can recover against Axis is not before the Court on Lexington's motion for summary judgment. Pitt's claims against Lexington and Axis do not rise and fall together; they involve different contracts and different facts, and granting Lexington's motion for summary judgment does not necessarily preclude Pitt from pursuing recovery from Axis under that separate policy.

Moreover, the higher bar to recovery created by specific notice requirements in Ballinger's insurance contracts—and the chance that a claim could accrue close to the termination date—are known risks of claims-made insurance policies. Ballinger could have insured itself in a more costly but less risky manner, for example, by purchasing occurrence coverage. It chose not to do so. Contrary to Pitt's claim that denying recovery against Lexington would work an "unacceptable forfeiture," (ECF No. 104 at 26), allowing Pitt to dodge a foreseeable consequence of Ballinger's decision to pay less in premiums for a lower chance of recovery would give the insured an unfair windfall.

IV. CONCLUSION

For the reasons set forth above, Lexington's motion for summary judgment is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 99 and to terminate defendant Lexington from this case.

SO ORDERED.

Dated:   New York, New York
         September 16, 2016

                                          _____
                                               KATHERINE B. FORREST
                                               United States District Judge